ORDERED.

Dated: May 26, 2017

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| Ronald Earl Scherer, Sr., ) | Case No. 6:17-bk-02004-RAC |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

### ORDER GRANTING, IN PART, UNITED STATES'
### MOTION FOR RELIEF FROM STAY
### AND SCHEDULING TRIAL ON REMAINING REQUESTS FOR RELIEF
**(Doc. 28)**

On May 25, 2017, the court conducted a preliminary hearing on the United States' Motion for Relief from Stay (the "Motion") (Doc. 28), Debtor's Response to the Motion (Doc. 45), and the United States' Reply to Debtor's Response (Doc. 48). The hearing was set by special court order, with a response and briefing schedule, at the request of the United States. (Doc. 35). Counsel for both parties appeared at the preliminary hearing and presented extensive oral argument.

The United States and the Debtor have been litigating Debtor's liability for tax years 1990, 1991 and 1992 in the U.S. District Court for the Southern District of Ohio for roughly three years (the "Ohio Case").[1] Based on the record in the Ohio Case, it appears that the district court is close

---

[1] *United States of America v. Scherer*, Case No. 2:14-cv-00452-ALM-TPK (S.D. Ohio Mar. 21, 2017).

to entering a final judgment.

The Motion seeks relief from the automatic stay "for cause" under section 362(d)(1)[2] to allow the issue of the Debtor's tax liability for 1990–92 to be decided by the district court in the Ohio Case. The Debtor responds that he has neither counsel nor the resources to retain counsel in the Ohio Case. Moreover, any counsel representing the Debtor must seek prior approval from this court and demonstrate disinterestedness.[3]

This bankruptcy case does not appear to be a two party dispute. The Debtor has many significant creditors to deal with, some holding claims far larger than the United States. Nevertheless, based on the court records filed with the Motion, this court agrees with the United States that determination of the Debtor's tax liability for 1990–92 should be decided by the district court in the Ohio Case.[4] Accordingly, the automatic stay will be modified for the sole purpose of permitting the United States to obtain a final judgment on the disputed tax liability. However, the effect of this order will be delayed to permit the Debtor time to retain and seek court approval for special counsel.

The Motion also seeks relief from the automatic stay to permit the United States to enforce its tax liens on two parcels of real property (the "Properties"). As grounds for this relief, the United States cites section 362(d)(2) and argues that the Debtor has no equity in the Properties, that the Properties are not necessary to an effective reorganization, and that the Properties may not even be property of the estate subject to this court's jurisdiction. As a further basis, the United States argues that "cause" exists for stay relief under section 362(d)(1) because Debtor filed the chapter

---

[2] Unless otherwise indicated, all "section" references are to title 11 of the United States Code.
[3] Section 327 of the Bankruptcy Code and Bankruptcy Rule 2014 govern the procedures and requirements for retention of professionals by a chapter 11 debtor in possession.
[4] The determination of the Debtor's tax liability in the Ohio Case in no way impacts the requirement of the United States to file a timely proof of claim in this bankruptcy case.

11 petition in bad faith. The Debtor disputes the United States' entitlement to relief with respect to the Properties and further disputes the bad faith allegations.

While the court is comfortable lifting the automatic stay to permit the United States to proceed to the point of judgment on the tax liability for the specific years at issue, the remaining issues raised by the United States are more complex and cannot be decided at a preliminary hearing.  Indeed, the parties even dispute whether the Properties are property of the bankruptcy estate.  The United States argues that the issues related to the Properties are more pressing and will require less time for adjudication than the issue of bad faith, which will likely require significant discovery.  Accordingly, this contested matter will be bifurcated as set forth below.

Upon consideration of the record and the arguments of the parties, and for the reasons stated in open court, it is

**ORDERED**:

1.The Motion is GRANTED, to the limited extent provided herein.

2.Effective June 19, 2017, the automatic stay is modified to permit the United States to proceed in the Ohio Case for the sole purpose of obtaining a final judgment on Debtor's tax liability for 1990, 1991 and 1992. Otherwise, the stay will remain in place pending further order of this court.

3.The court will take evidence on **July 7, 2017**, beginning at **10:00 a.m.**, in Courtroom C, 6th Floor, George C. Young Courthouse, 400 West Washington Street, Orlando, Florida 32801, on the following issues:

a.whether relief from the automatic stay should be granted under section 362(d)(2) to permit the United States to enforce its tax liens on the Properties; and

b.whether the Properties are property of the estate.

3

Any stipulated facts and exhibits shall be filed with the court by July 5, 2017.

    4.    If necessary, also on July 7, 2017, the court will set a further hearing on the "bad faith" issues raised in the Motion.

    5.    The remaining issues raised in the Motion clearly present a contested matter, and the parties are free to take discovery as permitted under the applicable rules of procedure.

Attorney Alan M. Shapiro is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file proof of service within 3 days of entry of this order.