ORDERED.

Dated: July 13, 2017

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| Ronald Earl Scherer, Sr., ) | Case No. 6:17-bk-02004-RAC |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**ORDER GRANTING, IN PART,
<u>UNITED STATES' MOTION FOR RELIEF FROM STAY</u>**
(Doc. 28)

This case came before the court for trial on issues raised in the Motion for Relief from the Automatic Stay filed by the United States of America (the "Stay Motion") (Doc. 28), Debtor's Response to the Stay Motion (Doc. 45), and the United States' Reply (Doc. 48). By order entered May 26, 2017, limited stay relief was accorded the United States. (Doc. 53). Trial was set on those issues raised by the Stay Motion that were not resolved by the order.

The United States seeks stay relief in three forms. First, the United States wishes to litigate the Debtor's tax liability for tax years 1990, 1991, and 1992 to final judgment in the United States District Court for the Southern District of Ohio (the "Ohio District Court").[1] Second, the United States seeks to liquidate two residential real properties in the Ohio District Court. The properties

---

[1] *United States of America v. Scherer*, Case No. 2:14-cv-00452-ALM-TPK (S.D. Ohio).

are (i) 4425-4427 Lowestone Road, Columbus, Ohio 43220 (the "Lowestone Property"), a property for which title is held in the name of the Ronal E. Scherer Restatement Trust; and (ii) 6015 Strome Court, Dublin, Ohio 43017 (the "Strome Property"), a property for which title is held in the name of College Properties, Ltd. Partnership. (Doc. 75 ¶ 2). Third, the United States seeks complete stay relief on grounds that the Debtor's bankruptcy case was filed in bad faith.

The court previously agreed with the United States that it was appropriate to modify the stay to allow the Ohio District Court to liquidate the Debtor's tax liability for tax years 1990, 1991, and 1992. The order granting stay relief for that purpose was entered May 26, following the preliminary hearing on the Stay Motion. (Doc. 53).

The trial conducted on July 7, 2017, related to stay relief under section 362(d)(2) of the Bankruptcy Code.[2] By agreement, a trial on the bad faith allegations in the Stay Motion was bifurcated for future trial.

Based on the stipulated facts filed by the parties prior to trial (the "Stipulated Facts") (Doc. 75), the court also agrees with the United States that the Strome Property is not property of the estate and therefore is not implicated by this bankruptcy case. The Ohio District Court is free to address the Strome Property as it sees fit.

On the other hand, the Stipulated Facts establish that the Lowestone Property is property of this bankruptcy estate under section 541. Although the property is titled in "Restatement of Ronald Scherer Trust", the Ohio District Court has determined that the trust is the alter ego of the Debtor. (Doc. 75 ¶ 13). And the law is clear that property held by an "alter ego" of the Debtor is property of the estate. *See Dulbina of America, Ltd. v. Sklarin (In re Sklarin)*, 69 B.R. 949, 954 (Bankr. S.D. Fla. 1987); *see also Pergament v. Yerushalmi (In re Yerushalmi)*, 487 B.R. 98, 108

---

[2] Unless otherwise noted, statutory references are to 11 U.S.C. §§ 101–1532 ("Code" or "Bankruptcy Code").

2

(Bankr. E.D.N.Y. 2012). The Stipulated Facts also establish the value of the Lowestone Property to be between $390,000 and $420,000. (Doc. 75 ¶ 5).

It becomes necessary, therefore, for the court to consider whether it is appropriate to grant further relief from the stay to allow the United States to liquidate the Lowestone Property in the Ohio District Court in advance of a final determination of Debtor's tax liability.

To establish that there is no equity in the Lowestone Property, the United States introduced evidence of its debt. (U.S.A. Exs. 5A, 5B, 5C, 10A, 10B, and 10C). But the United States also introduced evidence that the amount of the debt is disputed by the Debtor. The Debtor's schedules lists the IRS obligations as disputed. (U.S.A. Ex. 14). The Debtor also testified, under questioning by counsel for the United States, that he does not dispute the validity of the liens asserted by the IRS, but instead disputes the amount of the liens. The Debtor stipulated that he owes $56,133.27, plus statutory accruals on that amount, for unpaid trust fund recovery penalty assessments. (Doc. 75 ¶ 6). But no more.

Unfortunately, the United States has not filed a claim in this bankruptcy case, and its claim is scheduled by the Debtor as "disputed." As a result, the claim does not carry prima facie validity. Fed. R. Bankr. P. 3003(b)(1). The liquidation of the United States' claim now rests with the Ohio District Court per the May 27 order. The United States admits pursuing the judgment is a strategic decision. But as a result, this court is compelled to defer to and await the Ohio District Court's determination of the Debtor's tax liability for tax years 1990, 1991, and 1992.

The Debtor introduced into evidence a contract for the sale of the Lowestone Property for $405,000 (Debtor Ex. 1), and has proposed to sell the property under section 363 of the Code. (Doc. 76, the "Motion to Sell"). The United States suggests that there may be issues with the proposed sale, but those issues will be considered in connection with the Motion to Sell.

The court rejects the United States' contention that the Debtor or his counsel might somehow abscond with the proceeds if the Lowestone Property were ultimately to be sold upon order of this court. The sole implication of any approved bankruptcy sale of the Lowestone Property is that the liens of the United States will attach to cash proceeds instead of real estate.

Upon consideration of the Stay Motion and the evidence adduced at trial, and for the reasons stated on the record and herein, it is

**ORDERED AND ADJUDGED:**

1. The Strome Property is not property of the estate and is not subject to the automatic stay.

2. The Lowestone Property is property of the estate and subject to the liens of the United States. To the extent the United States seeks to liquidate the Lowestone Property outside of this court, the Stay Motion is denied without prejudice. The request may be reconsidered once the Ohio District Court determines the amount of the debt securing the IRS liens.

3. For as long as the stay remains in place as to the Lowestone Property, as adequate protection of the United States' interest, Debtor shall pay all real property taxes as they come due and maintain insurance on the property. Proof of insurance shall be provided to the United States within 14 days of entry of this Order.

4. Should the court grant the Motion to Sell and the Lowestone Property sold in this court, all liens of the United States will attach to the net proceeds and none of the net proceeds will be distributed until the Ohio District Court enters its judgment determining the Debtor's tax liability for tax years 1990, 1991, and 1992.

Attorney Alan M. Shapiro is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file proof of service within 3 days of entry of this order.