UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In the matter of:                         CASE NO. 6:17-bk-2004-RAC

RONALD E. SCHERER

    Debtor.

_____/

## OBJECTION TO UNITED STATES MOTION FOR LEAVE TO TAKE RULE 2004 EXAMINATION OF KENNETH DEAN AND OTHERS (DOC. #291)

COMES NOW KENNETH DEAN, by and through his undersigned attorneys, and objects to the United States being granted leave to take Rule 2004 examinations, and as grounds will show:

1.    The reason the Court required the IRS to seek leave to take further 2004 examinations was because of the incredible amount of filings concerning multiple 2004 examinations.

2.    The United States, using Rule 2004, has already examined Mr. David Thompson, Mr. Ronald Scherer, Sr. (the Debtor), Mr. Ronald Scherer Jr., Ms. Aimee Swaddling, Ms. Patti Jo Grimes, and Douglas Holmes. These examinations have already totaled slightly more than 30 hours.

3.    The United States still has pending two four hour examinations of Ms. Julie Scherer and Ms. Linda Talbott, scheduled without leave of Court, before the Court required the IRS to seek leave of Court per the Order dated June 26, 2018 (Doc. #286).

4. From the excerpts of the examinations of Mr. David Thompson and the Debtor, Ronald Scherer, attached to its Motion to examine Mr. David Thompson two others, as well as the examinations conducted, and after 30 hours of examinations, it is believed the further Rule 2004 examinations are being used for a substitute for depositions that should be taken in an adversary proceeding either pending or to be filed. This is because the IRS now has adequate information to allow it to proceed with either a contested matter or an adversary proceeding, and further Rule 2004 examinations should cease. Within the contested proceeding or the adversary proceeding, the United States can depose witnesses, and witnesses will have the protections allowed by the federal rules made applicable by Bankruptcy Rule 9014(c) and in Rule 7026 and 7030.

5. The Court had read multiple Motions for Protective Orders, and limited the United States' examinations to be about the Debtor and not the witnesses. From filings in this Court, the United States has made known that it already knows what claims it can file and has reached the point where further 2004 examinations can only be for improper purposes to obtain discovery it might not be able to obtain in a contested proceeding or adversary proceeding.

6. Samples of admissions by the United States of its claims are in Court filings, are as follows:

A) IRS Response to Julie Scherer's Motion for Protective Order (Doc. #234)

On page two of six, IRS says "evidence obtained in the Rule 2004 of the

Debtor indicates a basis to contend West Virginia Healthcare Inc. is an asset of the Debtor because Debtor transferred an option to purchase a 100% interest in West Virginia Healthcare, Inc., to the father's trust".

B) IRS Response to Linda Sue Talbott's Motion for Protective Order (Debtor's sister) (Doc.#226)

On page five, the IRS shows the very reason why the 2004 examinations must stop when it says "If the United States sought discovery in the adversary proceeding of some things it seeks discovery of under Rule 2004, Mr. Rotella would complain the discovery is irrelevant to the adversary proceeding".

C) United States' opposition to Motion for Protective Order (Doc. #261) filed by Debtor's three adult children (Doc. #258) Patti Jo Grimes (Patti Jo Scherer), Amie Swaddling, and Ronald Scherer Jr.

Page two "Part of the evidence United States seeks to obtain concerns a possible fraudulent transfer by the Debtor of his 100% stock interest in West Virginia Healthcare, Inc, to the father's (Grandfather's) trust and trusts formed from it".

D) IRS Motion to compel Douglas Holmes (Doc. #213)

Page four "Based on documents, research and Debtor's 2004 examination, IRS has reason, among other things, to take discovery to try to obtain more evidence that the Debtor's purported transfer of his 100% stock interest in West Virginia Healthcare, Inc. was ineffective and/or a fraudulent transfer".

Page four "United States also has reason to take discovery to try to obtain more evidence Debtor has used trusts and other entities in a shell game to hide his assets, with assistance from family members, business associates and friends".

Page four "some of the key players in the shell game - Debtor's sister, wife, adult children and Doug Holmes as Trustee of Debtor's father's trust. Entities include Maples Healthcare, Inc., Perimeter Systems, Inc., National Sign and Signal, Inc., Collinger Properties, Ltd. Partnership".

7.  Not to be overlooked is the IRS claims Mr. Ken Dean's knowledge is similar to Mr. David Thompson because both are accountants of business or trusts unrelated to the Debtor. Questions about assets of trusts in which Debtor is not a beneficiary would not involve assets of the Debtor.

8.  In addition, the IRS continues to use a standard not set forth in Rule 9011 when it says the IRS seeks a "plausible basis" to sue to set aside a fraudulent transfer (page two). This is notwithstanding it has made filings in this Court stating the IRS has a cause of action for a fraudulent transfer. This shows the misuse by the IRS of the Rule 2004 examination process.

9.  Finally, the IRS seeks seven hours to examine Mr. Kenneth Dean. This is notwithstanding the Court has continually limited te IRS to four hours. Other than to over ask questions, the IRS already knows the answer to the question or to go over documents already gone over with others, there is no reason the examination should last

for four hours. The IRS already has adequate information of the acts, assets, liabilities, financial condition and their possible avoidance actions to file an adversary proceeding, without taking further Rule 2004 examinations.

WHEREFORE, it is prayed the Court deny further 2004 examinations. However, if the Court is inclined to allow further 2004 examinations, to limit the examinations of Mr. Dean to a maximum of two hours time since the IRS has identified areas of accounting work Mr. David Thompson identified as areas where Mr. Dean may have knowledge.

I HEREBY CERTIFY that a true copy of the foregoing was furnished by United States Mail/electronic transmission to Alan Shaprio, Esquire, United States Dept. Of Justice, Post Office Box 55, Washington, DC 20044 alan.m.shapiro@usdoj.gov James H. Monroe, Esquire, Post Office Box 540163, Orlando, Florida 32854 jamesmonroe@jamesmonroepa.com Jill Kelso, Esquire, Office of US Trustee, 400 W. Washington St., #1100, Orlando, Fl 32801 jill.kelso@usdoj.gov and Ronald Scherer, Post Office Box 730478, Ormond Beach, Florida 32173 this ___ day of July, 2018.

RAYMOND J. ROTELLA, OF
KOSTO & ROTELLA, P.A.
Post Office Box 113
Orlando, Florida 32802
Telephone: 407/425-3456
Facsimile: 407/423-5498
Florida Bar Number 157951
Rrotella@kostoandrotella.com
Dmeyer@kostoandrotella.com
ATTORNEYS for Kenneth Dean