UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  Case No. 6:17-bk-02004-KSJ

Ronald E. Scherer, Sr.  Chapter 11

        Debtor.
_____/

**UNITED STATES' ELECTION UNDER § 1111(b),**
With Statement of Position as to Consequences, and
Reservation of Right to Withdraw Election in View of Improper Deadline

Paragraph 9 of this Court's order at Doc. 505 conditionally approving the disclosure statement provides that "An election pursuant to 11 U.S.C. §1111(b) must be filed no later than 7 days before the date of the Confirmation Hearing," which it set for August 14, 2019. As explained below, the United States maintains that the deadline is premature and in violation of Bankruptcy Rule 3014 because this is not a small business case to which Rule 3017.1 may be applied. Accordingly, the United States sets forth its election below and explains what it contends are the consequences, but thereafter reserves the right to withdraw it if appropriate.

The United States notes that it caused two ballots to be filed by a duly authorized delegate of the Secretary of the Treasury on August 6, 2019 – one for its Class 5 secured claim and one for its unsecured claim that is part of Class 6. Unless this election under § 1111(b) is withdrawn, the class 6 ballot should not count. But the United States reserves the right to have it count if it withdraws the election and notes that the deadline for ballots set by paragraph 4 of the order at Doc. 505 is similarly improper (because this is not a small business case).

**Election and Position as to Consequences**

Class 5 in Article II-C of Debtor's Amended Plan of Reorganization (Doc. 501) is the Allowed Secured Claim of Department of Treasury – Internal Revenue Service. It inaccurately states the amount determined to be secured under § 506(a) as $967,557.43. The correct amount

is at least $1,009,444.65. The difference, $41,887.22, is attributable to the Debtor's failure to include cash-on-hand of $27,376.38 (Doc. 40 at 2) and the $14,462.84 surrender value of his Whole Life Policy (Doc. 16 at 9). The secured amount may be $16,250 higher if an inheritance in that sum received shortly after the petition date regards a person who died prepetition, and may be $503,269.64 higher, depending on whether the Court grants the motion to reconsider the value of three promissory notes.[1]

In any event, pursuant to § 1111(b)(1)(A)(i), the United States accounts for 100% of the Class 5 claim and is the only claimant in that class, and is therefore entitled to make the election.

The United States hereby elects to apply paragraph (2) of § 1111(b). The consequence is that the United States is treated as having a secured claim, for purposes of § 1129(b)(2), in the total amount of its claim for income taxes for which Notices of Federal Tax Liens were filed ($5,319,215.47), less amounts paid toward that debt in the Ohio receivership for which the stay was lifted ($352,436.15), or $4,966,779.32 [hereinafter "approximately $5 million" for ease of reference].[2] According to the leading bankruptcy treatise, "section 1111(b)(2) allows holders of certain partially secured claims to waive their unsecured deficiency claims and, contrary to section 506(a), have their entire debt treated as a secured claim." 7 Collier on Bankruptcy ¶ 1111.03 (16th Ed.).[3]

---

[1] After a hearing, the Court determined the total value of three promissory notes to be $407,692.65. Doc. 488. In its motion at Doc. 496, the United States contends that the total value of the notes should be $910,962.29. The difference is $503,269.64.

[2] This does not include the Trust Fund Recover Penalties listed as secured in the IRS's claim because those were fully satisfied in the Ohio receivership case. This is explained in Doc. 511 at page 8.

[3] An undersecured creditor would logically choose this "if it believes its collateral is worth more than the value given to it pursuant to § 506(a) or if the treatment of unsecured creditors under the proposed plan is so unattractive that the electing creditor is willing to waive his unsecured deficiency claim." *In re 222 Liberty Associates*, 108 B.R. 971, 977 (Bankr. E.D.Pa. 1990) (internal quote marks and citation omitted). Here only $10,000 is provided for unsecured

Pursuant to § 1129(b)(2)(A)(i)(II) then, a plan must provide deferred cash payments that total the greater of the allowed amount of the claim as of the petition date (without interest) or the present value of the holder's interest in the collateral.[4]  In this case, because of the large difference between the claim amount (approximately $5 million) and collateral value to the government (approximately $1 million or possibly approximately $1.5 million as noted above), as a practical matter, the plan must provide for deferred cash payments of $5 million (since that will presumably more than satisfy a $1.5 million present value).  But the United States then does not have an unsecured claim under § 506(a).

Because the tax debt is a recourse debt, Debtor can avoid this result under § 1111(b)(1)(B)(ii) by selling the assets subject to the federal tax liens pursuant to § 363 prior to confirmation of a plan or under the plan (*i.e.*, under § 1129(b)(2)(A)(ii)).  In any such sale, the United States shall have the right to credit bid for each asset in any amount that, when combined for all assets, does not exceed the total amount of its secured claim.[5]

**Reservation of Right to Withdraw Election Required to Be Made Prematurely**

Bankruptcy Rule 3014 provides that "[a]n election of application of § 1111(b) of the Code by a class of secured creditors in a chapter 9 or 11 case may be made at any time prior to

---

creditors whose combined claims total over $16 million (Doc. 16). And, as noted, the United States has moved for reconsideration of the § 506(a) value assigned to the three promissory notes and thus disagrees with the Court's valuation.

[4] 7 Collier on Bankruptcy ¶ 1111.03[4] (16th ed.).  *See In re Weinstein*, 227 B.R. 284, 294 (9th Cir. BAP 1998) (parsing § 1129(b)(2)(A)(i)(II)); *New Hope Hospitality LLC v. EH Nat. Bank*, 2016 WL 5661654 (N.D. Tex. 2016) (agreeing with *Weinstein* that under § 1111(b), a secured creditor must receive its true secured claim – i.e., the value of its collateral with interest – but must not receive less than deferred cash payments that at least equal the total claim without interest, including the unsecured portion that is treated as secured under § 1111(b)).  This approach actually favors debtors as the only other logical construction would require interest on the total claim amount.

[5] *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639 (2012).

the conclusion of the hearing on the disclosure statement or within such *later* time as the court may fix." (Emphasis added.) Rule 9006(c)(2) provides that the court "may not reduce the time for taking action under" certain rules, including Rule 3014. Nevertheless, Rule 3014 itself contains an exception: "If the disclosure statement is conditionally approved pursuant to Rule 3017.1, and a final hearing on the disclosure statement is not held, the election of application of § 1111(b)(2) may be made not later than the date fixed pursuant to Rule 3017.1(a)(2) or another date the court may fix."

Rule 3017.1, however, applies only to a "small business case" and is consistent in that regard with § 1125(f) – the only Code provision permitting conditional approval of a disclosure statement and combining a final hearing on its approval with a hearing on confirmation of a plan. 11 U.S.C. § 1125(f) (applicable only in a small business case). *See also* Advisory Committee Note to 1997 addition of Rule 3017.1 ("[t]his rule is added to implement § 1125(f), which was added to the Code by the Bankruptcy Act of 1994"). Section 101(50C) and (50D) limit small business cases to ones where the debtor has aggregate secured and unsecured debtors of not more than $2,566,050. Scherer's debts exceed $25 million. Doc. 16.

Accordingly, this is not a small business case and the Court's deadline for elections to apply § 1111(b)(2) is invalid and unenforceable.[6] Additionally, even in a small business case, the exception in Rule 3014 for applying the deadline in Rule 3017.1 only applies if the disclosure statement is conditionally approved "and a final hearing on the disclosure statement is not held." That only occurs where there are no objections to the conditionally approved disclosure statement. In this case, the United States has objected to the Amended Disclosure Statement and

---

[6] This is also why the government filed the motion at Doc. 511 – asking the Court to vacate the conditional approval and postpone the confirmation hearing until after the disclosure statement is finally approved, assuming it is approved.

so there will be a final hearing on its approval and the § 1111(b)(2) election may be made at any time prior to the conclusion of that hearing under Rule 3014.

For similar reasons the deadline for ballots was impermissibly premature. Section 1125(f) begins with the phrase "notwithstanding subsection (b)" which otherwise governs and provides that ballots shall not be required until after a disclosure statement is approved and a copy of the approved disclosure statement transmitted to creditors. *See also* Fed. R. Bankr. P. 3017. Accordingly, the United States caused the Secretary of Treasury to file the Class 5 and 6 ballots before the deadline for making the § 1111(b)(2) election only because it was compelled to do so by the order at Doc. 505. The United States recognizes, therefore, that the Class 6 ballot will not count unless this election to apply § 1111(b)(2) is withdrawn.

*/s/ Steven S. Tennyson*
STEVEN S. TENNYSON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Washington, D.C. 20044
(202) 307-0872 / fax: (202) 514-5238
E-Mail: steven.tennyson@usdoj.gov

**CERTIFICATE OF SERVICE**

**IT IS HEREBY CERTIFIED** that service of the foregoing **UNITED STATES' ELECTION UNDER § 1111(b), With Statement of Position as to Consequences and Reservation of Right to Withdraw Same in View of Improper Deadline** has been made through the Court's ECF system, which will cause service on Counsel for Debtor and all others registered to receive notice through the system this 7th day of August, 2019.

*/s/ Steven S. Tennyson*
STEVEN S. TENNYSON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Washington, D.C. 20044
(202) 307-0872 / fax: (202) 514-5238
E-Mail: steven.tennyson@usdoj.gov